UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL DEAN MATTHEWS, | No. C 14-865 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JEFFREY BEARD, Secretary of California Department of Corrections and Rehabilitation; et al., | |
| Defendants. | |

## INTRODUCTION

Daryl Dean Matthews filed this *pro se* civil rights action under 42 U.S.C. § 1983 to assert claims that the state laws that make him categorically ineligible for resentencing under statutory amendments to California's Three Strikes law violate his rights under the Equal Protection Clause and the Ex Post Facto Clause of the U.S. Constitution. His complaint is now before the court for review under 28 U.S.C. § 1915A. For the reasons discussed below, the court concludes that plaintiff's claims must be asserted in a petition for writ of habeas corpus, if they may be asserted at all in federal court.

## BACKGROUND

A. California's Three Strikes Law And Proposition 36 Reforms

California's Three Strikes law, enacted by the state legislature in 1994, appears in California Penal Code § 667(b)-(i).[1] The heart of the Three Strikes law is § 667(e), which

---

[1] A similar version of the Three Strikes law was passed by the voters and appears at California Penal Code § 1170.12.

prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies defined in California Penal Code § 667(d). A second strike defendant (with one prior felony conviction) receives "twice the term otherwise provided as punishment for the current felony conviction." Cal. Penal Code § 667(e)(1). A third strike defendant (with two or more prior felony convictions) receives an indeterminate term of life imprisonment, which includes a minimum term of the greatest of (1) "[t]hree times the term otherwise provided as punishment for each current felony conviction," (2) 25 years, or (3) the term determined by the court, including enhancements, under California Penal Code § 1170 *et seq.* Cal. Penal Code § 667(e)(2).

In November 2012, California voters passed Proposition 36 to reform some of the harsher aspects of the Three Strikes law.[2]

> [T]he voters approved the "Three Strikes Reform Act of 2012" ("Proposition 36"), which provided that persons would no longer be subject to indeterminate sentencing upon conviction of a third felony if the current offense is not a "violent felony" or "serious felony" as defined in Penal Code §§ 667.5(c) and 1192.7(c). Penal Code § 1170.126 made inmates serving indeterminate terms of imprisonment pursuant to Penal Code § 667(e)(2) or § 1170.12(c)(2), whose sentence under the current law would not have been an indeterminate life sentence, eligible for resentencing. However, to be eligible for resentencing, the inmate must have no prior convictions for any of the offenses appearing in Penal Code § 667(e)(2)(C)(iv) or § 1170.12(c)(2)(C)(iv). Penal Code § 1170.126(e)(3). Each of those clauses include "A 'sexually violent offense'" as defined in W&I [Code] § 6600(b). The definitions in the Welfare and Institutions Code includes rape "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person."

Docket # 1-1 at 3 (August 28, 2013 order denying petition for writ of mandate in *Matthews v. Secretary*, Cal. Ct. App. Case No. 1429801).

California Penal Code § 1170.126 is the key provision allowing the state court to recall a sentence and resentence a criminal defendant if he was sentenced under California's Three Strikes law and, among other things, has a third strike conviction that is not for a serious or violent felony.[3]

---

[2] The text of Proposition 36 approved by California voters on November 6, 2012 can be found online at Westlaw's "WL, Ca-Legis-Old" database and at http://repository.uchastings.edu/ca_ballots/.

[3] The relevant portions of California Penal Code § 1170.126 provide:

(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to

2

B.  Matthews' Procedural History

In 2000, Matthews pled guilty in Santa Barbara County Superior Court to one count of possession of cocaine. He also admitted that he had suffered four prior felony convictions (for rape with an enhancement for use of a knife, robbery with an enhancement for use of a knife, residential burglary and rape) and two prior prison terms. The trial court denied a defense motion to strike the prior convictions and sentenced Matthews to 25 years to life in prison on September 26, 2000 under California's Three Strikes law. His conviction was affirmed on appeal, and his federal petition for writ of habeas corpus challenging the conviction was denied.

As noted earlier, Proposition 36 was passed in 2012, after Matthews' first federal petition for writ of habeas corpus was denied. Matthews implicitly concedes that, as written, the Proposition 36 amendments do not aid him because his rape with a knife conviction makes him

---

paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.

\*   \*   \*

(e) An inmate is eligible for resentencing if:

(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

(f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

3

categorically ineligible for resentencing. Before filing the present civil rights action, Matthews filed several other actions in the state and federal courts to try to set aside the provisions that make him categorically ineligible for resentencing so that he may be resentenced under the Proposition 36 amendments.

In the state courts, Matthews filed several petitions for writ of mandate and writ of error coram nobis. Among his state court petitions was a petition for writ of mandate in the California Court of Appeal in which he alleged claims similar or identical to the ones he now presents in his federal civil rights complaint. There, he argued that the resentencing statutes denied him equal protection and violated his right to be free from ex post facto laws. *See* Docket # 1-1. The state appellate court rejected the equal protection argument because violent sex offenses were different from other offenses, and Matthews was not similarly situated to inmates convicted of crimes not listed in Penal Code § 667(e)(2)(C)(iv) or § 1170.12(c)(2)(C)(iv). *See* Docket # 1-1 at 4. The state appellate court rejected the ex post facto argument because the statutory amendments "leave[] petitioner with precisely the sentence that was applicable at the time he committed the triggering offense under the three strikes law as it existed in 2000." *Id.* The state appellate court also noted that Matthews' situation was consistent with the express intent of the voters to retain life sentences for third strike murderers, rapists and child molesters, even when the third strike conviction was for a minor crime. *Id.* at 4-5.

Matthews then turned to the federal courts. He filed a petition for writ of habeas corpus in the Central District of California in which he asserted the same claims asserted here plus some other claims. *See* Docket # 1 at 13 in *Matthews v. Beard*, C. D. Cal. Case No. CV 13-9017-GHK (RNB). That petition was summarily dismissed as a second and/or successive petition for which Matthews had not first obtained permission to file from the Ninth Circuit. *See* Docket # 4 in *Matthews v. Beard*, C. D. Cal. Case No. CV 13-9017-GHK (RNB). He then applied for permission from the Ninth Circuit to file a second and/or successive petition that contained some other claims but apparently not the ex post facto and equal protection claims he asserts in this action; the Ninth Circuit denied his application. *See* Docket # 1-2 at 3 and 8, and Docket # 2 in *Matthews v. Spearman*, Ninth Cir. Case No. 14-70323. Matthews also appealed from the

4

1 district court's decision in *Matthews v. Beard*, C. D. Cal. Case No. CV 13-9017-GHK (RNB),
2 and is awaiting a ruling from the Ninth Circuit on his request for a certificate of appealability
3 in *Matthews v. Beard*, Ninth Cir. Case No. 14-55149.

B. <u>The Federal Civil Rights Complaint</u>

In his federal civil rights complaint, Matthews seeks to have portions of Proposition 36 stricken so that he may be eligible to be resentenced to a lesser sentence than his current 25-to-life sentence. Matthews asserts two legal claims in his civil rights complaint. First, he contends that the categorical denial of eligibility for resentencing that results from § 1170.12(c)(2)(C), as amended by Proposition 36, "as applied to him without the benefit of a post-conviction sentencing hearing to determine whether resentencing him would pose an unreasonable risk to public safety violated his right to equal protection of the laws." Docket # 1 at 3. Second, he contends that the "retroactive application" of § 1170.12(c)(2)(C)(iv) to deny him eligibility for resentencing violates his federal constitutional right to be free of ex post facto laws and right to due process. Both of these claims in effect urge that § 1170.12(c)(2)(C) should be eliminated from the Three Strikes resentencing equation.

Matthews requests three items of relief in his federal civil rights complaint, all of which endeavor to eliminate § 1170.12(c)(2)(C) from the resentencing equation. First, he requests that the court issue an injunction prohibiting the State from categorically denying him "a post-conviction hearing to determine whether Matthews' resentencing would pose [an] unreasonable risk to public safety." Docket # 1 at 16.[4] Second, he requests that the court issue an injunction prohibiting the State from "retroactively applying" § 1170.12(c)(2)(C). Docket # 1 at 16. Third, he requests that the court declare that the application of § 1170.12(c)(2)(C) to him is unconstitutional.

---

[4]This is an effort to eliminate the effect of § 1170(c)(2)(C) on him by rewriting state law. The "unreasonable risk to public safety" consideration mentioned in § 1170.126(f) only applies if the petitioner satisfies the criteria under § 1170.126(e), which Matthews does not because of his rape with a knife conviction, *see* § 1170.126(e)(3).

5

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.* Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release' from confinement." *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82); *see also Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition). A challenge to a sentence that directly seeks a prisoner's release or would necessarily imply the invalidity of his sentence belongs in habeas. *See Wilkinson*, 544 U.S. at 81-83.

The civil rights complaint filed by Matthews challenges his sentence and essentially requests that the State be ordered to resentence him under Proposition 36 without the burden of § 1170.12(c)(2)(C), the provision that makes him categorically ineligible for resentencing. Matthews' civil rights complaint must be dismissed and his claims must be pursued in a petition for writ of habeas corpus (if they can be pursued at all in federal court) because the claims seek his speedier release or at least call into question the validity of the sentence to which he is

6

currently subject. Matthews requested in state court that the categorical elimination of his class of cases be eliminated from the resentencing provisions of the Proposition 36 amendments so that he could be resentenced, and the state court rejected his request. That is the decision that would be challenged in a federal habeas petition. Success on his claims that his rights under the Equal Protection Clause and the Ex Post Facto Clause were violated would necessarily imply the invalidity of his current sentence which the state courts have refused to change. Because Matthews' claims (if successful) would result in entitlement to a speedier release or would at least call into question the validity of his current sentence, they must be brought in a habeas petition.

The conclusion that the claims must be pursued in a petition for writ of habeas corpus rather than a civil rights complaint is supported by the fact that the relief Matthews requests requires action by the state sentencing court rather than prison officials. Although Matthews named the Secretary of the CDCR as the defendant in this action, the resentencing application procedure and the resentencing are done in state court and are not prison administration matters. *See* Cal. Penal Code § 1170.126(b) (person seeking relief "may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing"); *cf. Mardesich v. Cate*, 668 F.3d 1164, 1172-73 (9th Cir. 2012) (claims that prison board violated prisoner's constitutional rights in returning her to superior court for resentencing were cognizable in habeas action where text of statute provided that "the board may order the return of such a person to the committing court" upon the occurrence of specified conditions).

The proper district for Matthews to file a petition for writ of habeas corpus is the district in which he was convicted and sentenced. Here, the sentence was imposed in Santa Barbara County Superior Court, and that is the court to which a petition for recall of the sentence has been or would be filed. *See* Cal. Penal Code § 1170.126(b). Santa Barbara County is located within the Central District of California. The federal petition for writ of habeas corpus should be filed in the U.S. District Court for the Central District of California.

This court will not construe the civil rights complaint to be a habeas petition. A civil

7

rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice to plaintiff filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The clerk shall close the file.

IT IS SO ORDERED.

DATED: June 4, 2014

SUSAN ILLSTON
United States District Judge

8